The Honorable Bob Johnson Speaker of the House P.O. Box 1077 Morrilton, AR 72110-1077
Dear Speaker Johnson:
You have requested an Attorney General opinion concerning false information provided to credit bureaus. More specifically, you have asked:
 What is the penalty for persons who report names and give false information to credit bureaus, which results in problems for innocent people?
As an initial matter, I must note that numerous factual issues (including issues related to whether a particular plaintiff is entitled to seek relief and whether a particular defendant is subject to the applicable statutory penalties) can impact a determination of whether the imposition of a penalty is appropriate in any given case.[1] Because of the intensely factual nature of these issues, and because the facts will vary from case to case, I can only express a general opinion concerning the remedies that are available in cases where recovery is warranted.
Various penalties can be imposed in appropriate cases for reporting names and giving false information to credit bureaus.
This issue is governed primarily by federal law. The Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) contains specific provisions that address the furnishing and use of inaccurate credit information.
Section 1681s-2 of that Act states the prohibition against furnishing inaccurate credit information, as follows:
 Responsibilities of furnishers of information to consumer reporting agencies.
(a) Duty of furnishers of information to provide accurate information.
(1) Prohibition.
(A) Reporting information with actual knowledge of errors.
 A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.
(B) Reporting information after notice and confirmation of errors.
 A person shall not furnish information relating to a consumer to any consumer reporting agency if —
 (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
(ii) the information is, in fact, inaccurate.
(C) No address requirement.
 A person who clearly and conspicuously specifies to the consumer an address for notices referred to in subparagraph (B) shall not be subject to subparagraph (A); however, nothing in subparagraph (B) shall require a person to specify such an address.
(2) Duty to correct and update information. A person who —
 (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
 (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.
(3) Duty to provide notice of dispute.
 If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.
(4) Duty to provide notice of closed accounts.
 A person who regularly and in the ordinary course of business furnishes information to a consumer reporting agency regarding a consumer who has a credit account with that person shall notify the agency of the voluntary closure of the account by the consumer, in information regularly furnished for the period in which the account is closed.
(5) Duty to provide notice of delinquency of accounts.
 A person who furnishes information to a consumer reporting agency regarding a delinquent account being placed for collection, charged to profit or loss, or subjected to any similar action shall, not later than 90 days after furnishing the information, notify the agency of the month and year of the commencement of the delinquency that immediately preceded the action.
15 U.S.C. § 1681s-2(a).
The penalties for violations of the above-quoted section are found in various provisions of federal law.
The Fair Credit Reporting Act itself provides for certain penalties for violation of this section. First, the Act provides that the chief law enforcement officer of the state can initiate an action on behalf of the residents of the state to recover actual damages between $100.00 and $1,000.00 caused to the state's residents by the violation, punitive damages, costs, and attorneys' fees. See 15 U.S.C. 1681s-2(c);15 U.S.C. § 1681s(c)(1)(B); 15 U.S.C. § 1681n; 15 U.S.C. § 1681o.
In addition, the Fair Credit Reporting Act (quoted above) provides that violations of the Act are deemed to constitute unfair and deceptive trade practices within the meaning of the Federal Trade Commission Act (15 U.S.C. § 41 et seq.), and that the penalties provided for in § 45(b) of The Federal Trade Commission Act are available against violators of the Fair Credit Reporting Act, quoted above. 15 U.S.C. § 1681s(a)(1). Section 45(b) empowers the Federal Trade Commission to investigate violations, hold a "show cause" hearing, and issue a cease and desist order to violators. Violations of the Commission's cease and desist orders can result in a $10,000.00 penalty per violation. 15 U.S.C. § 45(l).
The Federal Trade Commission is also empowered by the Fair Credit Reporting Act to recover a penalty for knowing violations of the Act.15 U.S.C. § 1681s(a)(2)(A). This penalty can be in an amount not exceeding $2,500.00 per violation. It should be noted that a court may not impose a civil penalty upon any person who has not previously been enjoined from violating § 1681s-2(a)(1) of the Fair Credit Reporting Act in a proceeding brought by the Federal Trade Commission, or for any violation that occurred prior to the date of the violation of that injunction.15 U.S.C. § 1681s(a)(3).
I note that it appears that a violator who is prosecuted for a knowing violation of the Fair Credit Reporting Act, pursuant to15 U.S.C. § 1681s(a)(2)(A), as described in the preceding paragraph, could be subject not only to the $2,500.00 penalty for that violation, but also to the $10,000.00 penalty for violating the Federal Trade Commission's cease and desist order.
In addition to all of the above penalties that can be imposed under federal law, I note that it could be argued that any violation of the Fair Credit Reporting Act would also constitute a violation of Arkansas' Deceptive Trade Practices Act (A.C.A. § 4-88-101 et seq.), thus subjecting the violator to the various penalties provided for in that Act. The Arkansas Supreme Court has never addressed an argument of this nature, and it is therefore unclear whether it would succeed. I merely note the possibility of this other source of penalties for the offense of furnishing inaccurate credit information.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] For a thorough discussion of the various pertinent issues, see 17 A.L.R. Fed. 675.